**Mrs. Margaret JACKSON, and Charlene Jackson and Sandra Jackson, minors, by Mrs. Margaret Jackson, their mother, natural guardian and next friend, Appellants,**

v.

**Colonel William A. KUHN, individually and as Commanding Officer of the 101st Airborne Infantry Regiment, United States Army; and Major General Edwin A. Walker, individually and as Commanding Officer of the Arkansas Military District of the United States Army, Appellees.**

No. 15889.

United States Court of Appeals
Eighth Circuit.

Nov. 20, 1957.

Kenneth Coffelt, Little Rock, Ark., for appellants.

Donald B. MacGuineas, Attorney, Department of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Osro Cobb, U. S. Atty., Little Rock, Ark. and Samuel D. Slade, Attorney, Department of Justice, Washington, D. C., with him), for appellees.

Before SANBORN, JOHNSEN and VOGEL, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court, (1) declining to cause

a statutory three judge court to be convened under 28 U.S.C. § 2282, and (2) dismissing for lack of jurisdiction the complaint brought by the appellants against the appellees for an injunction and declaratory judgment. The appeal has been docketed, a record on appeal was filed on October 30, 1957, but no briefs have as yet been submitted, and the time for the filing of the appellants' brief has not yet expired.

The appellants have moved this Court to summarily remand the case to the District Court for trial before a three judge court or, in the alternative, to advance the appeal for immediate submission.

The complaint which the appellants assert was wrongfully dismissed by the District Court on its own motion alleged in substance that the plaintiff (appellant) Margaret Jackson is a "resident citizen, taxpayer and patron of the Little Rock Independent School District, embracing the attendance area of Little Rock Central High School, in Pulaski County, Arkansas"; that the school and school district are state institutions supported by state taxpayers; that the plaintiffs Charlene and Sandra Jackson are the minor children of the plaintiff Margaret Jackson and are students in the high school; that Margaret Jackson brings this action in behalf of the plaintiffs and of other persons similarly situated in the school district; that the defendants are officers of the United States Army commanding the armed troops of the United States presently policing the high school, its grounds and its students under the purported authority of an executive order and in violation of the plaintiffs' federal and state constitutional rights; that the actions of the defendants endanger the lives and safety of the plaintiffs and are violative of the personal and property rights guaranteed them by the Constitution of the United States and the rights of others similarly situated; that the actions of the defendants are without any constitutional or statutory authority, not having been invited by the Governor of Arkansas or its General

Assembly or requested by any federal court; that the actions of the defendants are violative of the Tenth Amendment to the Federal Constitution; that plaintiffs are advised that the defendants are acting pursuant to Executive proclamation and order based upon Title 10 U.S.C. §§ 332, 333(1), (2) and 334; that the plaintiffs believe that these sections are unconstitutional; that unless the actions of the defendants are enjoined the plaintiffs will suffer irreparable injury; that such actions violate the Constitution and Laws of Arkansas; and that a three judge federal court should be convened forthwith to hear the complaint, to enter a proper judgment and to determine the rights of the parties.

In their prayer for relief in the District Court the plaintiffs asked (1) that a three judge court be convened immediately, (2) that the defendants be enjoined from policing or interfering with the property or the students of the high school, and (3) that Title 10 U.S.C. §§ 332, 333(1), (2) and 334 be declared unconstitutional.

In dismissing the complaint for lack of jurisdiction the District Court in effect held that the complaint presented no substantial federal constitutional issue cognizable by a three judge court or otherwise.

Stated briefly, the plaintiffs' contention is to the effect that the District Court was so obviously wrong in dismissing their complaint that this Court should, without waiting for briefs or further argument, summarily so decide and remand the case for trial before a three judge court or, in the alternative, should require an immediate submission of the appeal.

The appellees oppose any such summary disposition of the appeal, and assert that the order appealed from is a valid order. They have moved for the dismissal of the appeal as moot upon the ground that the two minor plaintiffs are no longer students at the high school and that neither they nor their mother have any legal interest in the subject matter of the action and have no stand-

ing to maintain it. This is controverted by appellants.

The questions to be briefed and argued upon this appeal which relate to jurisdiction as well as merits are not so unsubstantial nor are the answers to them so obvious as to justify a summary disposition of this appeal by remanding it for trial before a three judge court. It is to be remembered that on appeal the burden of demonstrating error is upon the appellant. It would be an exceptional case which this Court justifiably could dispose of summarily on motion and without briefs and final arguments.

The motion of the appellants for a summary disposition of this appeal is denied as is also the motion of the appellees to dismiss the appeal for mootness. If after briefs have been filed in conformity with the rules of this Court, the appellants shall be of the opinion that the case should be advanced for argument and final submission they may, upon notice to appellees, apply to this Court for a special setting.